UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| YARA VALLEJOS<br><br>Plaintiff,<br><br>v.<br><br>CDL CHILDCARE INC. and<br>CHAD D. LOCICERO<br><br>Defendants. | Case No.: |

## - <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u> -

Plaintiff YARA VALLEJOS by and through the undersigned counsel, hereby files this Complaint against the above-named Defendants, CDL CHILDCARE INC. and CHAD D. LOCICERO.

## NATURE OF THE CASE

1. This is an action brought by Plaintiff YARA VALLEJOS, (hereafter "Plaintiff") against her former employers, Defendants CDL CHILDCARE INC. and CHAD D. LOCICERO (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment, Defendants had practice of paying for only 40 hours a week, and not paying Plaintiff for hours worked in excess of forty (40) in a workweek at a rate of 1.5 times Plaintiff's regular rate of pay.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.    Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Tampa has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendants conducted business.

## PARTIES

5.    Plaintiff, YARA VALLEJOS, a resident of Hillsborough County, was a former employee of Defendants who worked for Defendants performing various non-exempt duties at a childcare.

6.    Plaintiff, YARA VALLEJOS, is an employee as defined by the laws under which this action is brought.

7.    Defendants CDL CHILDCARE INC. and CHAD D. LOCICERO are employers as defined by the laws under which this action is brought.

8.    Defendant CDL CHILDCARE INC. is a corporation organized and existing under and by virtue of the laws of Florida.

9.    Defendant CHAD D. LOCICERO is an individual resident of the State of Florida, who owned and/or operated CDL CHILDCARE INC. and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs (including Plaintiff's); c) hired and fired employees, including Plaintiff; d)

established employee work schedules and set Plaintiff's hours; e) controlled terms of employment (including Plaintiff's terms); and f) had the authority to set employee wages, and indeed set Plaintiff wages.

**COVERAGE**

10.   Defendant CDL CHILDCARE INC. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

11.   Defendant CDL CHILDCARE INC. is a corporation that operates under the name TODAY'S CHILD and provides childcare, summer camp, before and after school care, transportation, and meals to children.

12.   Defendant CDL CHILDCARE INC. is a corporation engaged in commerce as defined by 29 U.S.C. § 203, inter alia, by accepting payment from its customers through the use of credit/debit cards and checks, from banks located outside the state of Florida.

13.   Upon information and belief, Defendants' annual gross volume of sales exceeded $500,000/year at all relevant times.

14.   Defendants CDL CHILDCARE INC. are CHAD D. LOCICERO employers within the definition of the FLSA, 29 U.S.C. § 203.

15.   During the term of her employment, Plaintiff YARA VALLEJOS was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206. Plaintiff collected and processed credit and debit card payments from customers.

16.   The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

17.   Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

18.   Plaintiff YARA VALLEJOS was employed by Defendants CDL CHILDCARE INC. and CHAD D. LOCICERO from April 2013 to February 2019 (with an interruption in 2015).

19.   Plaintiff held an assistant/teacher position at the time of separation, but also performed other functions such as cooking, cleaning, opening/closing the childcare center, and answering phones.

20.   Plaintiff was paid $11.00 per hour

21.   During her employment with Defendants, Plaintiff was classified as non-exempt.

22.   Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

23.   During the last 2-3 years of employment, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times her regular rate of pay.

24.   Specifically, Plaintiff opened and closed the childcare center, and usually worked from 6:00 AM to 6:00 PM, five days a week. However, Plaintiff's checks only showed 80 work hours (40 hours for each week).

25.   There was no timekeeping system used by Plaintiff to record her time.

26.   Plaintiff YARA VALLEJOS was not paid an overtime premium for hours worked in excess of 40 in a workweek. *In lieu* of paying overtime or extra compensation, Defendants opted to provide Plaintiff with childcare at a reduced rate of $75.00, every two weeks. However, the amount of owed overtime premium *exceeded* the alleged childcare amount.

27.   Defendants CDL CHILDCARE INC. and CHAD D. LOCICERO were aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

28.   Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

29.   Defendant's actions set forth above also constitute a violation of the time-keeping requirements set forth by the FLSA.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**

30.   Plaintiff YARA VALLEJOS re-alleges and incorporates the allegations contained in Paragraphs 1 through 29 above.

31.   Defendants CDL CHILDCARE INC. and CHAD D. LOCICERO failed to pay Plaintiff properly for all hours worked in excess of forty (40)  hours in a workweek in compliance with the FLSA.

32.   Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) in a workweek.

33.     As a result of Defendants' willful violation of the FLSA, Plaintiff YARA VALLEJOS is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YARA VALLEJOS respectfully requests judgment against Defendants CDL CHILDCARE INC. and CHAD D. LOCICERO, and the following damages:

a.  Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b.  Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c.  Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

d.  Liquidated damages in an amount equal to the unpaid minimum wages owed in accordance with 29 U.S.C. § 216(b);

e.  Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial to the extent authorized by law.

Dated: February 18, 2019.                Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
1936 W MLK Blvd.
Suite 206
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
&#9743; WagesDue.com

<u>s/ Cynthia Gonzalez</u>
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com