UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YARA VALLEJOS,

    Plaintiff,

v.                                                            Case No. 8:19-cv-429-T-36CPT

CDL CHILDCARE INC.
and CHAD D. LOCICERO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before me on referral for consideration of the parties' *Joint Stipulation and Motion to Approve Revised Settlement and for Dismissal With Prejudice.* (Doc. 25). The parties initially submitted a settlement agreement for the Court's approval on March 29, 2019. (Doc. 16). Following a May 9, 2019, hearing on the matter (Doc. 23), however, the parties filed the instant motion on May 13, 2019, along with a revised settlement agreement. (Doc. 25). For the reasons discussed below, I respectfully recommend that the parties' motion be granted and that the case be dismissed with prejudice.

I.

    Plaintiff Yara Vallejos initiated this action against her former employers, Defendant CDL Childcare, Inc., and its owner/operator, Defendant Chad D. Locicero, seeking to recover, *inter alia*, unpaid overtime wages under the Fair Labor

Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* (Doc. 1). Vallejos alleges in her complaint that, while employed by the Defendants as an hourly non-exempt employee, she was required to work more than forty hours per week but was not paid the required rate of one and one-half times her regular pay for those overtime hours. *Id.* at 4. In particular, Vallejos asserts that, although she routinely worked twelve hours per day, five days a week, the Defendants paid her for only forty hours of work per week. *Id.* She further claims that the Defendants opted to provide her with childcare at a reduced rate in lieu of paying her overtime compensation, but that the amount they owed her exceeded the value of this benefit. *Id.* at 5.

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties now seek the Court's approval of the revised settlement agreement, which they advise resolves Vallejos's FLSA claim. Under the terms of that agreement, the Defendants are to pay Vallejos $1,950 in unpaid overtime wages, an equal amount in liquidated damages, and an additional $100. (Doc. 25 at 8). The Defendants further agree that, should any prospective employers contact them with respect to Vallejos's tenure at CDL Childcare, they will provide only the fact and dates of her employment. *Id.* at 13. For her part, Vallejos agrees to release the Defendants from all claims she may have against them under the FLSA and Florida law for unpaid wages, minimum wage, overtime, and liquidated damages, and to waive any rights to reinstatement or to seek other employment with the Defendants. *Id.* at 9, 13. In addition, the parties agree that the Defendants shall pay Plaintiff's counsel $2,500 in attorney's fees and costs. *Id.* at 8.

II.

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees." *Lynn's Food*, 679 F.2d at 1352. To further this Congressional purpose, the Supreme Court has placed "limits on the ability of private parties to settle FLSA lawsuits." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (citing *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 704-05 (1945)).

In FLSA actions brought directly by current and former employees for unpaid wages, district courts must scrutinize the settlement "for fairness" before dismissing an action. *Id.* at 1306-07. Specifically, the court must determine that the settlement is a "fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355.

District courts are afforded discretion in deciding whether to approve FLSA settlements. *Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013).[1] If the court finds that such a settlement reflects a fair and reasonable compromise of the issues in dispute, it may approve the settlement "in order to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354.

In this case, based upon my review of the aforementioned filings and the parties' representations at the May 9 hearing, I find that their proposed settlement

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

constitutes a fair and reasonable resolution of Vallejos's FLSA unpaid wage claim under the governing precedent. *See, e.g., Dees v. Hydradry*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010). A number of factors weigh in favor of this conclusion.

It is apparent at the outset that the settlement reflects a resolution of a bona-fide dispute under the FLSA, insofar as it resolves the parties' evident disagreement as to whether (1) the Defendants are an enterprise subject to the FLSA; (2) Vallejos is individually covered by and not exempt from the FLSA; (3) Vallejos was compensated for all hours worked; and (4) and liquidated damages are available in this case. (Doc. 25 at 1, 4) ; *Dees*, 706 F. Supp. 2d at 1241. In light of these disputed issues of law and fact, and to avoid the expense and uncertainty of further litigation, the parties have agreed to settle the matter under terms they assert are fair and equitable, as well as in their best interests. *Id*. As decisions issued in this District have recognized in this regard, an FLSA settlement "will, almost by definition, be reasonable" where, as here, "the parties are represented by competent counsel in an adversary context." *Dees*, 706 F. Supp. 2d at 1241 (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)).

The fact that the parties' revised settlement agreement includes a release provision does not alter my analysis. (Doc. 25 at 9). By my reading, this provision is not the type of general or pervasive release that courts have found to be anathema to the FLSA. *Moreno*, 729 F. Supp. 2d at 1350-52. Such general or pervasive releases are frequently viewed as "'side deal[s]' in which the employer extracts a gratuitous

(although usually valueless) release of *all* claims in exchange for money unconditionally owed to the employee." *Id.* at 1351 (quoting *Dees*, 706 F. Supp. 2d at 1238-42) (emphasis added)). Because they "confer[] an uncompensated, unevaluated, and unfair benefit on the employer," general releases have often been considered *per se* unreasonable. *Id.* at 1351-52.

The release provision here is sufficiently narrow to withstand judicial scrutiny. Unlike the "pervasive and unbounded" release at issue in *Moreno*, which called for the plaintiff's "release of a dizzying array of claims, known and unknown, against the defendant," *id.* at 1350-53, Vallejos is not required to relinquish her right to pursue unknown claims unrelated to her unpaid wage and hour claims. Rather, the release is limited to claims she may have arising under the FLSA or Florida law concerning compensation for her employment with the Defendants. (Doc. 25 at 9).

As such, it does not undermine the fairness or reasonableness of the settlement agreement. *See, e.g., Mallon v. Safna, Inc.*, 2019 WL 2124930, at *4 (M.D. Fla. Apr. 25, 2019), *report & recommendation adopted*, 2019 WL 2121078 (M.D. Fla. May 15, 2019) (striking general release of all Florida law claims from agreement such that under remaining language plaintiff agreed to release defendant from only FLSA and Florida minimum wage and overtime law claims); *Dumas v. 1 Able Realty, LLC*, 2018 WL 1791534, at *3 (M.D. Fla. Apr. 12, 2018), *report & recommendation adopted*, 2018 WL 1791535 (Apr. 16, 2018) (approving FLSA release that did not require plaintiff to release all claims, but only those asserted in complaint related to plaintiff's employment with defendant); *Cooper v. Garda CL Se., Inc.*, 2015 WL 9244682, at *1

(M.D. Fla. Dec. 18, 2015) (finding reasonable a release of all claims existing prior to the execution of the settlement agreement that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to, claims arising under the FLSA, the Florida Constitution, and the Florida Minimum Wage Act); *but see Colon v. Garda CL Se., Inc.*, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015) (finding release of wage claims under the Florida Minimum Wage Act and the Florida Constitution to be unreasonable when complaint raised only overtime compensation claim under the FLSA).

On the matter of attorney's fees, the FLSA requires the court to review the reasonableness of the proposed fee amount "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Here, the parties represent that the agreed-upon payment of $2,500 in attorney's fees and costs was negotiated separately from Vallejos's recovery and without regard to the settlement amount for her alleged overtime and liquidated damages. (Doc. 25 at 4). These representations are sufficient. *See Bonetti*, 715 F. Supp. 2d 1228 (M.D. Fla. 2009) (providing that reasonableness may be demonstrated by representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim). As a result, I find that the provision for attorney's fees and costs does not undermine the fairness or reasonableness of the settlement agreement.

III.

For the reasons set forth above, I find that the settlement agreement is a fair and reasonable resolution of the parties' bona fide disputes regarding Vallejos's FLSA claim. *See Lynn's Food*, 679 F.2d at 1353-55.

Accordingly, I hereby recommend that the Court:

1) grant the parties' *Joint Stipulation and Motion to Approve Revised Settlement and for Dismissal With Prejudice* (Doc. 25);

2) approve the parties' revised *Settlement Agreement*, *id.* at 7-16;

3) dismiss this action with prejudice; and

4) direct the Clerk to terminate any pending motions and deadlines and to close the case.

Respectfully submitted this 24th day of May 2019.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
Honorable Charlene Edwards Honeywell, United States District Judge
Counsel of record